FILED'11 JUN 2 8 69:03C-ORN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**SANDI WILFONG,**  Civil No. 10-3083-CL

Plaintiff,   **REPORT AND RECOMMENDATION**

v.

**PERSOLVE, LLC,**

Defendant.

CLARKE, Magistrate Judge.

Plaintiff Sandi Wilfong brings this action against defendant Persolve, LLC, for violation of the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. She seeks declaratory relief, and actual damages, statutory damages, and her costs and attorney's fees. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendant filed a motion to dismiss which this court converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d) (#15), allowing supplemental materials to be filed by the parties. For the reasons explained, the court recommends that summary judgment be granted in favor of defendant.

//

Page - 1

## FACTUAL BACKGROUND

On or about March 29, 2010, defendant sent to plaintiff by mail a demand letter and validation notice including notice to plaintiff of her right to dispute the debt. This letter was apparently not received by plaintiff. On April 19, 2010, defendant, through counsel, filed a complaint against plaintiff in Klamath County Circuit Court.

Plaintiff prepared and sent a letter to defendant disputing the validity of the debt which defendant received on May 19, 2010. In that letter, plaintiff notified defendant to cease all communication with her or any third parties in regard to the debt.

Plaintiff asserts that she received a telephone call on or about July 19, 2010, from telephone number 503-581-1501, which plaintiff believes is the telephone number of defendant's attorney, Mr. Comstock. She did not answer the call.

On or about August 31, 2010, defendant sent to plaintiff's counsel a verification letter regarding the basis of the debt and the identity and address of the original creditor. Additional verification was sent on or about October 12, 2010.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

Page - 3

## DISCUSSION

### Claim that defendant continued communicating with plaintiff in violation of 15 U.S.C. § 1692c(c)

**– Whether a telephone call was placed from defendant to plaintiff**

Defendant first argues that plaintiff cannot prove that an improper telephone call was placed. It offers the declaration of counsel who declares that he has reviewed the telephone logs from his office and no telephone call was placed to plaintiff on July 15, 2010, or any other date since April 19, 2010. (Comstock Decl. ¶ 10.) However, plaintiff offers evidence that a call from defendant's counsel's office was placed to her cell phone on July 19, 2010. She offers her own declaration that she received a call from the office of defendant's attorney in the state court action on or about July 19, 2010, but that she did not answer the call; and a photograph of her phone screen of the incoming call. (Wilfong Aff. & Ex. B.) Defendant does not deny that the telephone number appearing on the display is counsel's office number.

In her supplemental response, plaintiff states that she should be allowed to get the call records from defendant's office during discovery and have a chance to challenge Mr. Comstock's declaration.

A question of fact exists as to whether a call was placed from defense counsel's office to plaintiff.

//

//

Page - 4

**– Whether the telephone call was a "communication" within the meaning of the FDCPA**

Defendant argues that the telephone call to plaintiff's telephone, if it took place, is not a "communication" within the meaning of the FDCPA. Defendant contends that the appearance of a telephone number on plaintiff's caller ID box did not convey information regarding a debt.

15 U.S.C. § 1692c provides in pertinent part:

(c) Ceasing communication
If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, *the debt collector shall not communicate further with the consumer with respect to such debt, except--*

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(Emphasis added.) 15 U.S.C. § 1692a(2) defines "communication," as used in the subchapter, as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

The cases cited by plaintiff in support of her argument that the telephone call was an indirect communication involve voicemail messages left by debt collectors on debtors' telephones. For example, in <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 586 F. Supp.2d 1346, 1350, 1359 (N.D. Ga. 2008), <u>aff'd</u>, 584 F.3d 1350 (11th Cir. 2009), the messages left on

Page - 5

plaintiff's answering machine "referenced an 'important' matter" and contained information regarding whom to contact and a file number that Plaintiff should use when returning the call. Id. On these facts, the district court concluded that the messages left by defendant debt collector on the debtor's answering machine were "communications" under the FDCPA "because they were telephone calls placed to Plaintiff for the purpose of attempting to collect a debt, and thus indirectly referenced the debt even if the messages did not contain specific information about the debt." Id. (and cases cited.) The district judge noted that the majority of courts have held that "a phone message referencing an 'important matter' or similar language may be considered a 'communication' under the FDCPA." Id. at 1350 (and cases cited). These cases reject the argument that messages were not communications because the message "'did not convey information regarding a debt.'" Id. (Citing Belin v. Litton Loan Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006 WL 1992410, at *4 (M.D. Fla. July 14, 2006) (messages left on Ms. Belin's answering machine giving name of debt collector company, phone number, and directions to have Mr. Belin call the number were "communications" within FDCPA)).

On other facts, a phone conversation by a debt collector with a person answering the phone asking to speak with the debtor have been found not to be communications in connection with the collection of a debt. Section 1692c(b) entitled "Communication with third parties," prohibits a debt collector from communicating with third parties "in connection with the collection of any debt." See Horkey v. J.V.D.B. & Assocs., Inc., 179 F. Supp.2d 861, 868 (N.D. Ill. 2002), aff'd, 333 F.3d 769 (7th Cir. 2003); Padilla v. Payco Gen. Am. Credits, Inc., 161 F. Supp.2d 264, 274 (S.D.N.Y. 2001); cf. 15 U.S.C. § 1692c(c), supra.

Plaintiff makes the argument that defendant's interpretation leads to absurd ramifications in situations where debt collectors call a debtor repeatedly and the debtor does not answer the phone; she argues this would not be unlawful under defendant's interpretation. However, the situation referenced by plaintiff is specifically covered by statute, § 1692d(5) relating to harassment and abuse in debt collection, and the unlawful harassment/abuse does not depend on the interpretation of the definition of "communication."[1]

The court finds that the cases cited by plaintiff in support of her argument that the placement of a telephone call, alone, violates the cease further communication provision of § 1692c(c) are not persuasive. Plaintiff argues that the Edwards court, supra, "held that the very existence of a phone call conveys information about a debt, even if no specific information is conveyed." (Pl. Resp. at 7; Pl. Suppl. Resp at 6.) However, Edwards considered and decided whether telephone messages left by a debt collector were communications as defined by the FDCPA, and not whether the telephone calls themselves were. Edwards, 586 F. Supp.2d at 1350-51, 1358-59. Here, if a telephone call was placed, which defendant disputes, there was no message left on plaintiff's telephone. No information regarding a debt was conveyed directly or indirectly to plaintiff by the receipt of the unanswered telephone call, if the call took place. Even

---

[1] 15 U.S.C. § 1692d(5) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Page - 7

with a broad reading of the FDCPA to carry out its purpose, on these facts, the court concludes that the receipt of an unanswered telephone call does not constitute a "communication" within the meaning of the FDCPA. Accordingly, defendant's motion for summary judgment as to plaintiff's § 1692c(c) claim should be granted.

### Claim that defendant failed to cease collection of the debt during the period prior to validating the disputed debt in violation of 15 U.S.C. § 1692g(b)

Defendant contends it verified the debt by letter dated August 31, 2010. Plaintiff responds that, after defendant received her request for validation in May and prior to the August validation, defendant should have ceased all collection actions against her. Plaintiff contends that, instead, defendant took multiple steps to initiate and perpetuate a lawsuit against her for the debt. In her supplemental response, plaintiff states that she should be allowed to conduct discovery on the issue of "what in fact Defendant did do to further that lawsuit between May 19 and August 31." (at 9.) She argues that defendant must provide proof that it did nothing to collect on the debt before providing verification.

> Section 1692g(b), relating to validation of debts, provides in pertinent part that, if the consumer notifies the debt collector in writing within thirty days that the debt or any portion thereof is disputed, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt...." It further provides that collection activities and communications that do not violate the subchapter may continue during the thirty-day period "unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed...."

//

Page - 8

McNall v. Credit Bureau of Josephine County, No. Civ. 07-3075-CL, 2008 WL 1881796, at *3 (D. Or. Apr. 18, 2008); McNall v. Credit Bureau of Josephine County, 689 F. Supp.2d 1265, 1276 (D. Or. 2010).

Initiation of a lawsuit "obviously" is an attempt to collect a debt. Anderson v. Frederick J. Hanna & Assocs., 361 F. Supp.2d 1379, 1383 (N.D. Ga. 2005) (debt collector violated § 1692g(b) by failing to obtain verification of the debt and mail to debtor after receiving notice of dispute from debtor before filing suit against her) (citing Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997)); Taylor v. Heath W. Williams, L.L.C., 510 F.Supp.2d 1206, 1213 (N.D. Ga. 2007) (and cases cited).

The record shows that the state court litigation was commenced by defendant prior to defendant's receipt of plaintiff's request to cease communicating with her. Defendant initiated a lawsuit against plaintiff in Klamath County on April 19, 2010. Defendant received plaintiff's letter disputing the debt and requesting validation on May 19, 2010. Plaintiff does not dispute that the August 31 letter from defendant was a validation.

There is no allegation in the complaint or argument by plaintiff in her briefs that defendant undertook any collection activities apart from initiation of the lawsuit; there is nothing regarding any action taken by defendant with regard to the lawsuit during the time between receipt of plaintiff's letter disputing the debt in May and when defendant validated the debt in August. Plaintiff requests discovery to see what defendant did during this period. However,

//

//

Page - 9

plaintiff fails to include an affidavit of counsel setting forth specified reasons in support of her request for discovery, as required by Federal Rule of Civil Procedure 56(d).[2]

Defendant's motion for summary judgment as to plaintiffs § 1692g(b) claim should be granted.

## RECOMMENDATION

Based upon the foregoing, the court recommends that defendant's motion to dismiss, converted by the court to a motion for summary judgment (#10), be granted, and that judgment be entered in favor of defendant and against plaintiff.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by June 20, 2011. If objections are filed, any response to the objections are due by July 7, 2011,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will

---

[2] Rule 56 provides in pertinent part:
**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 2 day of June 2011.

MARK D. CLARKE
United States Magistrate Judge

Page - 11